# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CANDIS THOMAS,** | : | Civil No. 1:19-CV-1776 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ANDREW SAUL,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

In this Social Security appeal, the plaintiff argues various merits issues and also contends that this appeal should be remanded for rehearing before a properly appointed Administrative Law Judge pursuant to <u>Lucia v. S.E.C.</u>, 138 S. Ct. 2044 (2018), which held that certain federal agency Administrative Law Judges were "Officers of the United States," within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2, cl. 2, and therefore should have been appointed to their positions by either the President, a court of law, or the Department head. Thus, one of the central issues in this appeal is the plaintiff's assertion that this case was heard by an ALJ who was appointed through a constitutionally infirm process under the Appointments Clause, a legal defect which now requires a remand in order to allow the Commissioner to conduct a new administrative hearing before

a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing. On January 23, 2020, the Court of Appeals held that "that exhaustion is not required in this context," and affirmed a decision which called for the remand of a Social Security appeal for re-hearing by an ALJ who was properly appointed under the Appointments Clause to the United States Constitution. Cirko on behalf of Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020). Following Cirko, and in accordance with the Court of Appeals' decision in Cirko, there has been a rising tide of case law in this circuit remanding Social Security appeals to the Commissioner for a new hearing before an ALJ who has been properly appointed under the Appointments Clause to the United States Constitution. See e.g., Dove-Ridgeway v. Saul, No. CV 19-35-LPS-MPT, 2020 WL 1506119, at *1 (D. Del. Mar. 30, 2020); Tate v. Saul, No. CV 19-3751, 2020 WL 1443492, at *1 (E.D. Pa. Mar. 19, 2020); Burke v. Saul, No. CV 19-3206, 2020 WL 1042422, at *2 (E.D. Pa. Mar. 4, 2020); Anderson v. Saul, No. CV 3:18-2238, 2020 WL 814927, at *1 (M.D. Pa. Feb. 18, 2020); Walker v. Saul, No. CV 18-5542, 2020 WL 996420, at *1 (E.D. Pa. Feb. 28, 2020); Sanchez v. Saul, No. CV 18-5018, 2020 WL 430811, at *1 (E.D. Pa. Jan. 28, 2020); Simmons on behalf of A.B. v. Saul, No. CV 19-2205, 2020 WL 470304, at *1 (E.D. Pa. Jan. 29, 2020).

It is against this legal backdrop, where the court of appeals' decision in Cirko seems to compel a remand, that the Commissioner has filed a motion for a second

extension of time in which to file its brief in this appeal. (Doc. 17). The plaintiff opposes this request. Because at first blush it seems that a remand is necessary here given the binding circuit authority in <u>Cirko</u>, we will defer granting this opposed extension and instead, IT IS ORDERED that the parties consult, confer, and notify us by **May 26, 2020**, regarding whether a remand is appropriate here at least with respect to this Appointments Clause issue.

So ordered this 21st day of May 2020.

*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge